# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TOMASITA ROSAS,

    Plaintiff,

vs.                                                                                    No. 03-CV-0691 JC/RHS

CITY OF ALBUQUERQUE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment, filed January 28, 2004 (*Doc. 19*). Having considered the Motion, memoranda, and the relevant law, the Court finds the motion not well taken and it is, therefore, denied.

**I.**     **Background**

Plaintiff Tomasita Rosas ("Plaintiff") was employed by Westaff, a temporary employment agency, and was working as a custodian at the Albuquerque International Sunport ("Sunport") when this cause of action arose. In late July 2002, during Plaintiff's temporary employment at the Sunport, four full-time custodial positions opened up at the Sunport and Plaintiff applied. Plaintiff, age 61 at the time of application, had many years of experience as a custodian and was able to provide positive employment references. Plaintiff was interviewed by City of Albuquerque employees Rufina Gomez and Juan Moreno, both of whom worked in the Aviation Department. Gomez, age 55, was the personnel officer and Moreno, also age 55, was the custodial supervisor. During the interview, Plaintiff was asked a series of questions and her answers were recorded in writing by both Gomez and Moreno.

Plaintiff was not hired for a full-time position and all four individuals who were chosen for the positions were significantly younger than Plaintiff, ranging in age from late teens to late thirties. Plaintiff alleges her advanced age was the reason she was not chosen, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). Plaintiff properly filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on November 25, 2002. On February 20, 2003, the EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue"). Plaintiff's Complaint, Exhibit 2. On May 13, 2003 Plaintiff filed this action in State Court of New Mexico, Second Judicial District, County of Bernalillo. On June 11, 2003 Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b). Defendant presently moves the Court for summary judgment, asserting that Plaintiff's answer to one of the questions she was asked during her interview provides the nondiscriminatory reason why she was not chosen for a full-time position and that Defendant has failed to offer sufficient evidence that this proffered reason is pretext for age discrimination.

**II.**   **Legal Standard**

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). For purposes of a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party. *Id*. The moving party has the initial burden of showing that there is no genuine issue of material fact. *Id.* at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim, as "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders

2

all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986).

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Id.* If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597.

### III.   Discussion

The Age Discrimination in Employment Act ("ADEA") states, in pertinent part, that "it shall be unlawful for an employer... to fail or refuse to hire or to discharge any individual...because of such individual's age." 29 U.S.C. 623(a)(1). Recognizing that evidence of discrimination in most contexts will be indirect or circumstantial, the Tenth Circuit employs the three-stage analysis outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981) where, as here, no direct evidence of age discrimination exists. *Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1547 (10th Cir. 1988). This burden-shifting approach is calculated to afford plaintiffs a fair and reasonable means by which to prove their case. *Id.* In the context of a failure to hire or promote case, a plaintiff establishes a prima facie case by showing that (1) she falls within the protected age group (individuals who are at

least forty years of age, 29 U. S. C. § 631( a)) ; (2) she was not hired; (3) she was qualified for the position; and (4) defendant filled the position with a younger person. *Ellis v. United Airlines, Inc.*, 73 F.3d 999, 1004 (10th Cir. 1996). If the plaintiff satisfies all four of the prima facie requirements, the analysis moves to the second stage where the burden shifts to the defendant to present a legitimate, nondiscriminatory reason for its action. *Id.* Finally, if the defendant sufficiently discharges its burden, the third stage of the analysis requires the plaintiff to show that age was a determining factor in Defendant's employment decision such that defendant's proffered justification under the second prong is pretext for unlawful discrimination. *Id.* Plaintiff's failure to discredit defendant's "legitimate" reason for termination with evidence of pretext will entitle the defendant to judgment as a matter of law. *Id. See also, Denison v. Swaco* 941 F.2d 1416, 1421.

In the instant case, it goes undisputed that Plaintiff has made a prima facie showing of age discrimination and that Defendant has, in turn, offered a legitimate, nondiscriminatory reason for not hiring Plaintiff. Plaintiff was sixty-one years old at the time she applied, she was not hired, she was qualified for the job[1] and all four hires were under forty years old. The only issue before the Court is whether Plaintiff has offered sufficient evidence that age was a determining factor in the decision not to hire her so as to discredit Defendant's proffered reason and evince a genuine dispute on the question of pretext. The Court finds that Plaintiff has met her burden.

During her interview, Plaintiff was asked a series of questions. Among them was the

---

[1] Defendant's "legitimate" reason (that Plaintiff gave an unsatisfactory answer to an interview question, raising concerns about security) does not bear on the analysis of Plaintiff's qualifications under the third prong. The Tenth Circuit has stated that a defendant's proffered reasons should not be considered when assessing the existence of a plaintiff's prima facie case, for to do so would impermissibly cut off plaintiff's opportunity to show pretext. *MacDonald v. Eastern Wyoming Mental Health Ctr.*, 941 F.2d 1115 (10th Cir. 1991). *See also Thomas v. Dennys, Inc.*, 111 F. 3d 1506 (10th Cir. 1997).

4

following: "Hypothetical situation: You observe one of your coworkers stealing merchandise from one of the vendors or consuming a controlled, illegal substance during the graveyard shift. What would you do?" Def's Mot., Ex. C, Ex. 4 thereof.[2] Moreno recorded Plaintiff's answer to this question, in his own handwriting, as follows: "Would not report unless it directly affect [sic] me. Then I would.[3]" *Id.* Gomez recorded Plaintiff's response as, "Would not 'put finger on them' but if it would affect her supervisor or co-worker, then she would report it." Def's Mot., Ex. A, Ex. 3 thereof. The same question was asked of the four applicants chosen for the positions and all four gave answers to the effect that they would report the behavior to a supervisor. Def's Mot., Ex. D, Attachs. 1-4 thereof; Ex. E, Attachs. 1-4 thereof.

From Plaintiff's answer to the interview question derives the legitimate reason Defendant has proffered for failing to hire the otherwise qualified Plaintiff. Specifically, Defendant contends that Plaintiff's answer was unsatisfactory as indicative of an unwillingness in Plaintiff to report behavior related to security issues and "a failure to grasp the issue of security." Def's Mot. at 6. In a climate of post-"911" heightened security, Defendant contends that Plaintiff's answer was not one that an international airport "would find acceptable...where security and safety are 'critical' issues and 'everybody's business.'" *Id*.

Plaintiff responds that the question did not even mention security or terrorism and cannot, therefore, be fairly said to reflect Plaintiff's understanding of or regard for airport security. Plaintiff contends that she answered the question as she did because in all honesty she would not "report

---

[2]The Court has strained to identify Defendant's exhibits as marked.

[3]In his deposition testimony, Moreno adds that Plaintiff also said, "I'm no snitch" in answer to the above question. Notably, however, this memorable phrase is not a part of the answer Moreno (or Gomez) recorded.

somebody that's [sic] taking maybe a bag or toilet tissue or something" but that she also indicated to Moreno and Gomez her willingness to report something more serious. Rosas Depo. at p. 29.

**IV.     Conclusion**

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that the interview question to which Plaintiff gave the relevant response was ambiguous in any reference to concerns about security and terrorism. Defendant allegedly relied solely upon Plaintiff's response to such ambiguous question when making its hiring decision and the Court finds that a reasonable jury could find this reason for rejecting Plaintiff for employment pretextual or unworthy of credence.

Wherefore,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment, filed January 28, 2004 (*Doc. 19*), is denied.

Dated May 13, 2004.

                                                                    _____
                                                                    SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Sam Bregman, Esq.
    Eric Loman, Esq.
    The Bregman Law Firm
    Albuquerque, New Mexico

Counsel for Defendant:

    Michael Garcia, Esq.
    Assistant City Attorney
    Albuquerque, New Mexico